## Seibert's Appeal.

1. At the time of a levy the defendant claimed of the sheriff his exemption; no appraisement, &c., was made by the sheriff, who shortly afterwards went out of office. At the request of defendant made the day before the sale on the vend. ex., the next sheriff, on the day of sale, had the defendant's real estate appraised. *Held*, that the defendant was entitled to his exemption from the proceeds of the real estate.

2. When the sheriff wrongfully allows an appraisement, the remedy of the plaintiff is to move to set it aside.

March 18th 1873.   Before READ, C. J., AGNEW, SHARSWOOD and MERCUR, JJ.   WILLIAMS, J., at Nisi Prius.

Appeal from the Court of Common Pleas of *Lehigh county:* No. 296, to January Term 1873.   In the distribution of the proceeds of the sheriff's sale of the real estate of Daniel Seibert.

The distribution was referred to George H. Rupp, Esq., as auditor, who reported the following facts:—

[Seibert's Appeal.]

On the 23d of September 1871, a fi. fa. was issued at the suit of Reuben Kriebel and others against Daniel Seibert. On the 28th of September, the deputy of Miller the sheriff made a levy and Seibert properly claimed the benefits of the exemption law; neither sheriff Miller nor his deputy appraised or set apart property to Seibert under his claim nor took any notice of it. A venditioni was issued, and the real estate was advertised for sale on the 8th. of December 1871. Miller's term of office as sheriff expired November 11th 1871, and sheriff Faust's commenced on that day. On the day before the sale, the attorney of Seibert made a written request of Faust to appraise the property which Seibert might elect under the exemption laws; this was the first notice that Faust had of Seibert's claim for exemption. Appraisers having been appointed, they set apart to him $30.25 of personal property, and December 8th certified that the real estate was of greater value than $269.75, and that it could not be divided without prejudice to, or spoiling the whole. It was agreed on the same day by the attorneys of the respective parties, that " the above appraisement is made and allowed without prejudice to the plaintiffs."

The real estate was sold to the plaintiffs in the execution and $350 paid into court to await the defendant's claim for the exemption. The auditor in concluding his report said:—

" It may perhaps be well to say, that the principal objection urged against the claim of Seibert was, that the appraisement was made too late and worked injury to the plaintiff. How did it work injury to the plaintiff, and if it did why was there no exception taken to it? If there was an irregularity in the appraisement it should at once have been brought to the notice of the court."

He awarded to Seibert on his claim for exemption $269.75 of the fund in court.

The plaintiffs filed exceptions to the report of the auditor.

The court, Longaker, P. J., in his opinion on the exceptions, amongst other things, said:—

" If the demand for exemption was made at the time of levy (and it is quite probable it was, because the sheriff, it appears, made no levy upon the personalty), then it was the plain duty of the sheriff to make the appraisement and return it with the writ, and he having failed to do so, the incoming sheriff had no authority to make an appraisement which on the 8th day of December 1871, was absolutely void: Bowyer's Appeal, 9 Harris 210.

" For these reasons the distribution of the auditor must be set aside, and the amount distributed to Daniel Seibert must be decreed to the judgment-creditors, in accordance with the priority of their liens, * * * and the report must go back to the auditor for the further distribution."

The auditor reported in accordance with the opinion of the

[Seibert's Appeal.]

court, distributing the fund after deducting expenses to the plaintiffs in the execution.

The court confirmed the report of the auditor.

Seibert appealed to the Supreme Court and assigned the decree of confirmation for error.

*E. Albright*, for appellant, cited Marks's Appeal, 10 Casey 37; Weaver's Appeal, 6 Harris 309; Hammer *v.* Freese, 7 Id. 257; Shaw's Appeal, 13 Wright 180; Lauck's Appeal, 12 Harris 429.

*J. W. Wood* and *E. J. More*, for appellees.—The remedy of Seibert is against the sheriff: Wilson *v.* Ellis, 4 Casey 238; Freeman *v.* Smith, 6 Id. 264; VanDresor *v.* King, 10 Id. 201; Hammer *v.* Freese, 7 Harris 255. An appraisement made on the day of sale is too late: Bowyer's Appeal, 9 Harris 213; Diehl *v.* Holben, 3 Wright 213.

The opinion of the court was delivered, May 17th 1873, by

Agnew, J.—The auditor making the distribution of the proceeds of the sheriff's sale, found the fact distinctly, that on the day of the levy by the deputy sheriff, Daniel Seibert properly claimed the benefit of the exemption law. The sheriff, from some unexplained cause, omitted to make an appraisement; but on the day of sale, the new sheriff, on the application of the defendant, made the day before, set apart $30.25 of the personal property, and $269.75, to come out of the proceeds of sale of the real estate, the appraisers finding that the real estate could not be divided without prejudice. The auditor allowed the exemption, but the court below set it aside on the ground that the request to appraise came too late. In this, we think the court erred. The fact that Daniel Seibert made claim to the exemption on the day of the levy, is not disputed. The sheriff failed to perform his duty in time, but this was no fault of the defendant in the writ. He could do no more than he did. True, if the sheriff had entirely omitted to allow the exemption, the defendant had his remedy against the sheriff: Marks's Appeal, 10 Casey 36; Freeman *v.* Smith, 6 Casey 264; Wilson *v.* Ellis, 4 Casey 238. But when the sheriff finally complied with the claim, and had an appraisement made, why should we encourage litigation, and suffer the officer to be harassed with a suit, when justice can be so easily done, by allowing the defendant his right in this proceeding? It does no injury to the plaintiff in the execution, for the defendant had entitled himself to the exemption by his prompt claim. It would be doing a wrong to the defendant and to the officer to turn the defendant round to his action against the sheriff. Where the sheriff mistakenly or wrongfully allows an appraisement, the plaintiff has an easy remedy by moving the court to set aside the

appraisement. But here the defendant has entitled himself to an appraisement, and the sheriff had actually had it made, and there is no reason to withhold the money from the defendant. The decree of the court is, therefore, reversed, the defendant is allowed his exemption, to be paid out of the fund in court, and final distribution is ordered to be made, in accordance with this opinion, and the costs of the appeal are ordered to be paid by the executors of the plaintiff in the execution, out of his estate.